**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARLA PATTERSON-FOWLER,

    Plaintiff,

*v*.                                                               CASE NO. 08-CV-15062

COMMISSIONER OF                               DISTRICT JUDGE GERALD E. ROSEN
SOCIAL SECURITY,                                  MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**[1]

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED.**

### II.   REPORT

    **A.    Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for determination of all non-dispositive motions and for issuance of a Report and Recommendation regarding any dispositive motions.

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

(Doc. 4.) On March 6, 1999, Defendant filed a motion to dismiss in lieu of filing an answer, contending that the court lacks subject matter jurisdiction since Plaintiff has failed to exhaust administrative remedies. (Doc. 12.) A scheduling order was issued requiring Plaintiff's response to be filed on or before April 14, 2009. (Doc. 13.) To date, no response has been filed by Plaintiff. I note that Plaintiff telephoned chambers staff on January 22, 2009, indicating she wanted to "cancel" the case, but Plaintiff never filed any documentation supporting that request. The motion is therefore ready for Report and Recommendation.

Plaintiff filed her first application for disability benefits on December 5, 2006. (Doc. 12, Ex. 1, Decl. of Howard Kelly, Court Case Prep. & Review Branch 3, Office of Disab. Adjud. & Review, S.S.A. ¶ 3(a).) Plaintiff's application was denied on April 24, 2007, because Plaintiff failed to furnish any medical information. (*Id.*; Compl., Doc. 1 at 11, 18.) Plaintiff's counsel had previously informed her of the necessity to complete the forms provided by the agency and to furnish her medical information. (Doc. 1 at 17.) Although Plaintiff was properly notified of her appellate rights, the records of the Office of Disability Adjudication and Review do not show that any administrative appeal was taken by Plaintiff. (*Id.*; Doc. 1 at 14-15.)

Instead, Plaintiff filed the instant case on December 8, 2008, attaching, among other things, the initial notice of disapproved claim for disability benefits with its notice of appeal rights. (Doc. 1 at 4-5.) I note that Plaintiff's complaint indicates she seeks survivor benefits; however, Plaintiff would need to file a separate claim for survivor benefits, since the instant case regards her application for disability benefits. (Doc. 1 at 1-3.)

**B.     Governing Law**

A social security claimant is first entitled to an initial determination by the Social Security Administration (SSA) regarding disability. 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503. Second, if dissatisfied, a claimant may request a *de novo* reconsideration of that determination. 20 C.F.R. §§ 404.907-921. Third, if still dissatisfied, the claimant is entitled to an evidentiary hearing and a *de novo* review before an Administrative Law Judge ("ALJ"). 42 U.S.C. § 405(c); 20 C.F.R. §§ 404.929-961. Fourth, the claimant may appeal to the Appeals Council within 60 days of receiving notice of an unfavorable decision by an ALJ after a hearing. 20 C.F.R. §§ 404.967-983. If the claimant's appeal is denied or if the Appeals Council renders an unfavorable decision, the claimant may then seek judicial review in federal district court. 42 U.S.C. § 405(g).

"The Social Security Act provides that '[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain review of such decision by a civil action' in federal district court, 42 U.S.C. § 405(g). But the Act does not define 'final decision,' instead leaving it to the SSA [Social Security Administration] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000). "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision[.] . . . [I]f . . . the Council denies the request for review, the ALJ's decision becomes the final decision." *Id.* at 106-07. However, the regulations admonish that, "[i]f [a claimant] is dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review . . . ." 20 C.F.R.

3

§ 404.900(b). Thus, a claimant may not seek judicial review unless he or she has exhausted administrative remedies. *Sims*, 530 U.S. at 107.[2]

"When a defendant moves to dismiss for lack of subject-matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007).

### C. Analysis and Conclusions

After review of the documents filed in this case under the standards summarized above, I suggest that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. Documentation attached to Plaintiff's complaint and the Declaration of Howard Kelly show that, although notified of the necessity to first provide supporting medical documentation and then to appeal the Commissioner's initial unfavorable decision, Plaintiff failed to do so. (Doc. 1 at 4, 11, 14-15, 17, 18; Doc. 12, Ex. 1 ¶ 3(a).) Since there has been no appeal, there is no final decision to subject to judicial review. *Sims,* 530 U.S. at 106-07; 20 C.F.R. § 404.900(b). Consequently, I suggest that the Court grant Defendant's motion to dismiss for lack of subject matter jurisdiction.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are

---

[2] There are "certain special cases" where exhaustion is not required but none of them are alleged in the instant case. *See Heckler v. Ringer*, 466 U.S. 602, 638, 104 S. Ct. 2013, 80 L. Ed. 2d 622 (1984).

advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/ *Charles E Binder*
                                                 CHARLES E. BINDER
Dated: May 14, 2009                           United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served upon counsel of record via the Court's ECF system, and was mailed by the U.S. Postal Service to the following non-ECF participant: Carla Patterson-Fowler, 14342 Forrer Street, Detroit, MI 48227.

Date:  May 14, 2009                     By     s/Patricia T. Morris
                                                      Law Clerk to Magistrate Judge Binder